UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE CITY DIVISION
5:11-cv-128-RJC

| | | |
|---|---|---|
| DONALD LEE RICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BEVERLY PERDUE, KEITH | ) | |
| WHITENER, and ROBERT C. LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint filed on September 14, 2011, pursuant to 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff filed the instant action against North Carolina Governor Beverly Perdue, Superintendent of Alexander Correctional Institution Keith Whitener, and Director of Prisons Robert C. Lewis. (Id.).

The Prison Litigation Reform Act ("PLRA") makes clear that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA.

Court records indicate that Plaintiff has filed at least four lawsuits in this Court that were dismissed as frivolous, malicious or for failure to state a claim for relief.[1] In his Complaint,

---

[1] See Rice v. Medford, 1:02-cv-88 (dismissed as frivolous and noting that at that time Plaintiff was a "frequent filer"); Rice v. Judge Zoro J. Guide, Jr., 1:03-cv-90 (dismissed pursuant to 28 U.S.C. § 1915(e)(2)); Rice v. Michael Easley et al., 1:03-cv-317 (dismissed for failure to

(Doc. No. 1), Plaintiff concedes that he has filed three lawsuits which have been dismissed because they were frivolous, malicious or failed to state a claim. Plaintiff contends, however, that he is under imminent danger because on June 20, 2011, "Keith Whitener and Sgt. Hicks and 20th [sic] other officers and sergeants try [sic] to kill me by beating me with sticks and shields. And by putting a black rubber hose that had a canter [sic] of gas in it up my nose in my mouth so I could not breath." (Doc. No. 1 at 4). The Court concludes that Plaintiff has not demonstrated that he is currently under imminent danger of serious physical injury as he was transferred from Alexander Correctional Institution to Central Prison on July 21, 2011.[2] See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (requisite imminent danger must exist at time the complaint is filed); Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) (imminent danger exception applies to danger existing at the time the complaint is filed, not for harm that has already occurred). There is no allegation that Plaintiff is under imminent danger at Central Prison, where he is currently housed. Therefore, his Complaint must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(g); and

(2) The Clerk is directed to send a copy of this Order to the pro se Plaintiff.

---

state a claim for relief); Rice v. D.O.P Pharmacy Servs. et al., 5:04-cv-150 (dismissed for failure to state a claim).

[2] N.C. DOC Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0341821 (last visited September 19, 2011).

Signed: October 24, 2011

*Robert J. Conrad, Jr.* (signature)

Robert J. Conrad, Jr.
Chief United States District Judge

3